**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 26, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41594
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLYNN FARSE YOUNG,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-724-2
- - - - - - - - - -

Before KING, Chief Judge, and WIENER and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Glynn Farse Young appeals his convictions, following a jury
trial, of conspiracy to possess with intent to distribute less
than 50 kilograms of marijuana and possession of less than 50
kilograms of marijuana with intent to distribute, in violation of
21 U.S.C. §§ 841(a) and 846.  The district court sentenced Young
to concurrent 60-month prison terms and three-year terms of
supervised release.

Young contends that the trial evidence was insufficient
to support his conviction of either count.  The standard for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reviewing a claim of insufficient evidence is whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Review of the sufficiency of the evidence does not include review of the weight of the evidence or of the credibility of the witnesses. United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

Young's primary contention is that his confessions made to both Border Patrol and Drug Enforcement Administration agents on the day of his arrest were not sufficient, standing alone, to support his convictions.  See United States v. Reynolds, 367 F.3d 294, 297 (5th Cir. 2004) ("a defendant generally cannot be convicted solely on his uncorroborated admissions").  As the Government argues, however, independent evidence of Young's guilt was adduced at trial.  See United States v. Crawford, 52 F.3d 1303, 1309 (5th Cir. 1995).  Young was a passenger in a rental car that had been rented and was driven by his codefendant, Allen William Woudstra.  Although Young's mere presence in the car as a passenger was not sufficient by itself to establish his knowing possession of the 48 kilograms of marijuana that were in the car's trunk, it is a factor to be considered in weighing the circumstantial evidence.  See United States v. Roberson, 6 F.3d 1088, 1093 (5th Cir. 1993).  Young's calm demeanor at the time of his and Woudstra's arrest also indicted that Young was aware of the marijuana's presence in the car.  Finally, the jury was authorized to believe that the testimony given by Young at trial

was implausible, at least in comparison to the stories he told Border Patrol and DEA agents. Young's trial testimony required the jury to believe that Woudstra was paying Young $1,000 to ride with him hundreds of miles to Texas from their Tennessee hometown so that Young could help him drive back a "class [pickup] truck." Both the basic outline of the story offered at trial and some its details were less than believable.

The evidence was sufficient to support the conspiracy conviction, because it established that there was an agreement to possess marijuana with intent to distribute, that Young knew about the agreement, and that he voluntarily participated in the conspiracy. See United States v. Peters, 283 F.3d 300, 307 (5th Cir.), cert. denied, 536 U.S. 934 (2002). The evidence was also sufficient to support the possession conviction, in that it showed that the possession was knowing, see United States v. Mendoza, 226 F.3d 340, 345 (5th Cir. 2000), and in that the large quantity of marijuana reflected an intent to distribute. United States v. Redd, 355 F.3d 866, 873 (5th Cir. 2003).

Young's convictions are AFFIRMED.